United States Court of Appeals
Fifth Circuit

**F I L E D**

June 9, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-31162
Summary Calendar

JOSEFA GOMEZ

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana

(USDC No. 04-CV-2403)

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Josefa Gomez filed applications for supplemental social security benefits in 1984 and 1985; both applications were denied. In 1999, Gomez sought to reopen the 1984 and 1985 applications. The Commissioner denied Gomez's request. Gomez filed an action in district court seeking judicial review of the Commissioner's adverse decision. The district court dismissed her case for lack of jurisdiction. Gomez appeals. We affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Absent a colorable constitutional claim, we lack jurisdiction under 42 U.S.C. § 205 over the Commissioner's refusal to reopen a prior decision.[1]  Gomez argues that her mental impairment prevented her from understanding and pursuing her right to appeal the denial of her 1984 and 1985 applications.  Her evidence of a mental impairment falls short.  First, Gomez submitted an "earnings statement" indicating that she did not work between 1984 and 1990.  While it could be that Gomez did not work because of her mental impairment, the earnings statement alone does not prove this proposition.  Second, Gomez submitted a 1998 letter from her current doctor who stated that a different doctor diagnosed Gomez with borderline personality disorder and dissociative disorder in 1994.  That Gomez was mentally impaired in 1994 hardly suggests that she was mentally impaired in 1984 or 1985.  Third, Gomez submitted a 1999 letter from her current doctor stating that when Gomez first visited a hospital in 1984, she had been unable to work for a year.  Again, this evidence is insufficient to establish that Gomez was mentally impaired, as there are many reasons why she was not working prior to 1984.  Finally, the 1999 letter referred to an April 1984 psychological examination, which found that Gomez's "highest level of adaptive functioning [was] level 5," which results in "a moderate amount of impairment in both social

---

[1]*See, e.g.*, *Califano v. Sanders*, 430 U.S. 99, 108-09 (1977); *Thibodeaux by Thibodeaux v. Bowen*, 819 F.2d 76, 80 (5th Cir. 1987) ("[A] federal court does not have jurisdiction to review the non-constitutional bases of the Secretary's decision on a petition to reopen.").

relations and occupational functioning." This too is insufficient to establish a constitutional claim, as there is no explanation of what "level 5" means or whether that condition would prevent Gomez from understanding that she needed to timely appeal the denial of her benefits applications.

AFFIRMED